# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THOMAS E. MARLER,<br><br>　　　　Defendant. | CRIMINAL CASE NO. 19-00031<br>CIVIL CASE NO. 22-00009<br><br><br>**ORDER** |

Before the court is Defendant Thomas E. Marler's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed on April 18, 2022. *See* ECF No. 259. For the foregoing reasons, the court **DENIES** the Motion.

### I.　Procedural Background

On August 12, 2021, Defendant pleaded guilty to Counts 2, 4, and 5 of the Superseding Indictment. ECF Nos. 184, 186. Specifically, Defendant pleaded guilty to Count 2: Conspiracy to Restrain Trade, in violation of 15 U.S.C. § 3; Count 4: Money Laundering, in violation of 18 U.S.C. §§ 1957 and 2, and Count 5: Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). *Ibid*. On December 9, 2021, Defendant was sentenced to twelve months and one day with credit for time served as to all three counts, and two years of supervised release

as to all three counts; as well as a $20,000 fine. J. at 3, ECF No. 245. Importantly, the imprisonment term for Counts 4 and 5 run *concurrent* with the imprisonment term for Count 2. *Id.*

On April 18, 2022, Defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 259. On June 10, 2022, the United States filed its opposition to the Motion. ECF No. 281. On June 27, 2022, Defendant filed his reply. ECF No. 283.

## II. Discussion

Defendant moves to vacate Count 5: Conspiracy to Commit Money Laundering, on four separate grounds. Mot. at 17, ECF No. 259. First, Defendant argues that his counsel at Lujan & Wolff, LLP failed to initiate plea bargaining at Defendant's request. *Id.* at 4. Second, Defendant argues that he was presented with a plea agreement with incorrect information, which caused him to reject it. *Id.* at 6. Third, Defendant argues that his counsel failed to communicate effectively as required in their contractual agreement. *Id.* at 10. Fourth and finally, Defendant argues that he was disadvantaged by his attorney's resignation at a pivotal time. *Id.* at 12.

Conversely, the Government argues that the court should deny Defendant's motion for three reasons. First, the Government argues that Defendant waived his rights to collaterally attach his convictions, as reflected in section 19 of the Amended Plea Agreement. Opp'n at 1, ECF No. 281. Second, the Government argues that even if Defendant had not waived his right to file a motion, he nevertheless fails to present a cognizable claim because he does not claim the right to be released. *Id.* Third and finally, the Government argues that Defendant has failed to sufficiently alleged or demonstrate prejudice as a result of any allegations of ineffective assistance of counsel. *Id.*

The court only addresses the dispositive argument, whether Defendant claims the right to

be released.

**Defendant Does Not Claim The Right To Be Released**

As noted above, Defendant's terms of imprisonment on all three counts were made concurrent. *See* J. at 3, ECF No. 245; *see also* Am. J. at 3, ECF No. 254 ("Counts 4 and 5 imprisonment terms are to run concurrent to Count 2 imprisonment terms for a total of 12 months and one (1) day."). Defendant now seeks to vacate *only* Count 5: Conspiracy to Commit Money Laundering. Mot. at 17, ECF No. 259. Defendant states that he "believes the imposed Sentence is a just representation of the seriousness of Counts 2 and 4, and is not asking to vacate, set aside, or correct the Sentence… or correct the penalties…or reduce the duration of Supervision" as they pertain to Counts 2 and 4. *Id.* at 18.

However, "Section 2255 may be invoked only by those 'claiming the right to be released.'" *Redfield v. United States*, 315 F.2d 76, 80 (9th Cir. 1963) (citing 28 U.S.C. § 2255(a)). In *Redfield*, the Ninth Circuit affirmed the district court's denial of a Section 2255 motion where the defendant moved to vacate three of six concurrent sentences. *Id.* The court reasoned that even if the three counts were set aside, the defendant would not be entitled to release on the remaining three counts because all counts ran concurrent to one another. *Id.* As a result, the defendant was not entitled to relief under Section 2255.

Here, Defendant does not "claim the right to be released." Instead, he seeks to vacate Count 5. Mot. at 17, ECF No. 259. Moreover, Defendant is not seeking to vacate, set aside, or correct the sentence, penalties, or supervision associated with Counts 2 and 4. *Id.* at 18. Crucially, Defendant does not "claim the right to be released" because even if Count 5 were vacated, Defendant's sentence would remain the same by virtue of Count 5 running concurrently with Counts 2 and 4. *See* J. at 3, ECF No. 245; *see also* Am. J. at 3, ECF No. 254.

Defendant argues that this "approach uses semantics and pragmatics to conflate the

requested release from custody for Count 5 with that for the remaining two counts." Reply at 4, ECF No. 283. In turn, he argues that the "duration of the sentence applies to each separate count, and the imposition of the three sentences into concurrency does not erase that fact." *Id*. While it is true that Defendant's sentence applies to all three counts, the fact that they are concurrent is determinative for our purposes. Because relief under Section 2255 is proper only when it will operate to release a defendant from custody, and because Defendant's motion to vacate Count 5 does not seek his release from custody, Defendant fails to present a cognizable claim under Section 2255. Thus, the court **DENIES** Defendant's motion.

### III. Conclusion

For the aforementioned reasons, the court **DENIES** Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 259.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
   **Chief Judge**
**Dated: Jul 13, 2022**